UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:25-cv-23894-EA

**Lawrence Bryant,**

    Plaintiff,

v.

**Jonathan Lagos,
Et al.,**

    Defendants.

_____/

## OMINBUS ORDER

This cause comes before the Court on the plaintiff's motions to remand [5, 24], the defendant's motions to dismiss [7, 8, 15], and the plaintiff's various motions to strike [17, 32, 33, 34, 40]. For the reasons stated below, the motions to remand are denied, the motions to dismiss are granted, the complaint is dismissed without prejudice, and the motions to strike are denied as moot.

### Background

On July 28, 2025, the plaintiff filed this action in state court against several named and unnamed defendants for alleged actions the defendants took to discriminate against him and otherwise violate applicable housing laws. The complaint contains seven counts: (1) violations of Title VI of the Civil Rights Act, of IRS Code § 6103, and section 213.053, Florida Statutes ("Count I"); (2) violations of 26 U.S.C. § 42, 26 C.F.R. § 1.42, 24 C.F.R. § 882.511, and IRS Revenue Ruling 2004-82 ("Count II"); (3) breach of implied warranty of habitability under Florida law ("Count III"); (4) violations of section 760, Florida Statutes, and 42 U.S.C. § 3604 ("Count IV");

(5) retaliation under Florida law ("Count V"); (6) waiver of right to terminate the lease by acceptance of rent under Florida law ("Count VI"); and (7) a civil rights violation seeking damages under 42 U.S.C. § 1983 ("Count VII").

On July 31, 2025, Defendant Lagos was served with process. Then, on August 29, 2025, Defendant Lagos filed a notice of removal based on federal question jurisdiction. At the time he filed the notice of removal, he believed he was the only defendant served because the state court record did not reflect a return of service as to any other defendants.

After removal, the plaintiff timely filed his first motion to remand and claimed, with supporting documentation, that both Defendant Nunez and Royal American Management, Inc. ("Royal American"), had been served with process before Defendant Lagos removed the action to this Court. In it, the plaintiff argues that (1) no federal question exists as he claims that the federal claims were either "referenced only," "provide no private right of action[,]" or "may be voluntarily dismissed," (2) if federal question jurisdiction exists, the state law claims predominate and the Court should decline to exercise jurisdiction over the state law claims, and (3) Defendant Lagos failed to satisfy the unanimity requirement for removal under 28 U.S.C. § 1446(b). (Emphasis removed). It is worth noting, however, that Defendant Nunez's return of service misspelled her name and Royal American is not a named party to this suit.

Nevertheless, after the plaintiff moved to remand, Defendants Lagos and Nunez each filed their own motions to dismiss and filed a joint response in opposition to the motion to remand. Later, Defendants Arango, Hammon, and Wiseheart moved to dismiss as well. In response, the plaintiff moved to strike the Arango, Hammon, and Wiseheart motion to dismiss.

The plaintiff then again moved to remand, raising the same arguments as in his first motion. In response, the defendants filed a notice of Defendant Nunez's consent to removal. The plaintiff then moved to strike this notice of consent, as well as various other documents.

This order follows.

## Motions to Remand

The Court denies the plaintiff's motions to remand because (1) the Court has jurisdiction over all seven Counts and (2) assuming there was a violation of the unanimity requirement, it was cured.

### *Jurisdiction*

The Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States[,]" i.e. federal questions. 28 U.S.C. § 1331. A complaint contains a federal question "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

If a complaint contains a federal question, the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, notwithstanding this, the Court has discretion to decline to exercise supplemental jurisdiction over state law "claim[s] [that] substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). A state law claim substantially predominates over the federal claims if "it appears that [the] state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (quoting *McNerny v. Neb. Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1117-18 (D. Neb. 2004)).

Here, the Court has original jurisdiction over the Counts I, II, IV, and VII because they all seek relief under federal law.  Additionally, even if the plaintiff is correct that there is not federal question jurisdiction when the cited federal statute does not provide for a private cause of action, the Court would still, at the very least, have original jurisdiction over Counts IV and VII because (1) these Counts seek relief under 42 U.S.C. § 3604 and 42 U.S.C. § 1983 and (2) private causes of action can be maintained under these statutes.  *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or breach of a conciliation agreement entered into under this title, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach."); 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]").

Moreover, Counts I, II, IV, and VII are not mere appendages to the state law claims, so the purely state law counts do not substantially predominate over them.  Thus, the Court does not decline to exercise supplemental jurisdiction.

Therefore, the Court has jurisdiction over all of the Counts in the complaint.

*Unanimity Requirement*

Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending." But to remove an action, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

After a case has been removed to federal court, a plaintiff may move to remand the case to state court, either for lack of subject matter jurisdiction or, if the motion is made within 30 days of removal, for a procedural defect in the removal process. 28 U.S.C. § 1447(c); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1043 (11th Cir. 2001) ("Section 1447(c) specifies two grounds for remanding a removed case: (1) lack of subject matter jurisdiction; or (2) [a] procedural defect in the removal of the case.").

However, even if a procedural defect exists at the time a motion to remand is filed, such procedural defect can be cured so as to prevent remand. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574 (2004); *see also Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (explaining that procedural defects, such as failing to include all the state court pleadings and failing to provide a Rule 11 signature, are curable after a motion to remand is filed).

A lack of unanimity at the time of remand is a procedural defect. *In re Bethesda Mem'l Hosp.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). Thus, as the Eleventh Circuit has stated in unpublished opinions, this can be cured after removal. *See Stone v. Bank of N.Y. Mellon, N.A.*, 609 Fed. App'x 979, 981 (11th Cir. 2015) ("A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment."); *Bank of Am. Corp. v. Kachkar*, 769 Fed. App'x 673, 677 n.1 (11th Cir. 2019) ("Even if we assume, *arguendo*, that Moynihan's absence was a procedural defect in removal, we conclude that Moynihan cured the defect by later consenting to removal.").

Here, Defendant Nunez opposed the plaintiff's motion to remand and filed a consent to federal jurisdiction. Thus, to the extent there was a defect in the notice of removal relating to her consent, it has been cured.

Additionally, because Royal American is not a party to the suit, it is irrelevant that Royal American was served but has not consented; Royal American's consent was not required. *See Wilson v. Hearos, LLC*, 128 F.4th 1254, 1261 (11th Cir. 2025) (explaining that non-parties "have no statutory authority to" remove cases to federal court); *see also Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case."); *Salazar v. Allstate Tex. Llyod's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action.").

Therefore, the unanimity requirement does not require remand.

## Motions to Dismiss

All three motions to dismiss argue that the complaint should be dismissed for being a shotgun pleading. The Court agrees because the Counts generally allege that all of the defendatns are liable for the same acts and Counts I, II, and IV all contain multiple causes of action within a single count. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").

**Motions to Strike**

Because the motions to strike relate to documents filed as part of the briefing schedule for the motions to dismiss and to remand, the motions to strike are mooted by the disposition of the dismissal and remand motions. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (A case is moot "when the issue presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).

**Conclusion**

Therefore, it is **ORDERED AND ADJUDGED** that:

1. The plaintiff's motions to remand [5, 24] are **DENIED**.

2. The defendant's motions to dismiss [7, 8, 15] are **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

3. The plaintiff's motions to strike [17, 32, 33, 34, 40] are **DENIED AS MOOT**.

4. The plaintiff shall file an amended complaint **within 14 days** of the issuance of this order.

**ORDERED** in Chambers in West Palm Beach, Florida, this 14th day of November 2025.

*[signature]*

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to counsel of record